**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3893-18T4

IN THE MATTER OF THE
ESTATE OF ROBERT LEVIN,
OFFICE OF LEGISLATIVE
SERVICES.

_____

Submitted November 17, 2020 – Decided January 08, 2021

Before Judges Yannotti, Haas and Mawla.

On appeal from the New Jersey Civil Service Commission, Docket No. 2019-1952.

Joyce W. Murray and NJ Appleseed Public Interest Law Center, attorneys for appellant Karen Levin (Joyce W. Murray and Renee Steinhagen, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent New Jersey Civil Service Commission (Melissa H. Raksa, Assistant Attorney General, of counsel; Adam B. Masef, Deputy Attorney General, on the brief).

PER CURIAM

Karen Levin appeals from a final determination of the Civil Service Commission (Commission), which denied a request on behalf of her husband's

estate for payment of Supplemental Compensation On Retirement (SCOR) pursuant to N.J.S.A. 11A:6-16. We affirm.

I.

This appeal arises from the following facts. Robert H. Levin (Levin) was employed in the Office of Legislative Services (OLS), where he worked for more than thirty years. In 2016, Levin was diagnosed with a terminal illness. On October 3, 2017, Levin filed an application for retirement with an effective date of November 1, 2018; however, he continued to work at the OLS while undergoing treatment for his illness. He died on May 15, 2018.

On October 16, 2018, the Public Employees Retirement System (PERS) determined that Levin's retirement was effective pursuant to N.J.S.A. 43:15A-50, which provides in part that when a member dies after filing an application for retirement, the member's retirement may be deemed effective under certain circumstances. By letter dated December 18, 2018, the State's Division of Pensions and Benefits informed the OLS that the PERS Board had determined Levin had "retired status."

On January 4, 2019, the OLS submitted an application to the Commission for the payment of SCOR on behalf of Levin's Estate. The OLS sought payment of $15,000, which is the maximum lump sum payment for SCOR allowed under

N.J.S.A. 11A:6-19. The Division of Agency Services denied the application because Levin's separation from employment was "not based on retirement" as required by N.J.A.C. 4A:6-3.1(b).

Appellant sought review of the decision of Agency Services by the Commission. She asserted that Levin had been a "dedicated public servant" who worked at the OLS "through his illness, despite having accrued sick time." Appellant stated that she and her husband had consulted with the Commission, the OLS, the district offices of "multiple legislators," and other State officials, who "advised specifically" that if Levin had his retirement papers "in place" when he died, she would be able to receive payment for his accrued and unused sick leave.

Peri A. Horowitz, Executive Director of the OLS, submitted a letter to the Commission in support of the appeal. Horowitz asserted that the Commission should relax its regulation "as a matter of equity" to include posthumous retirements. Horowitz stated that, in an appropriate case, the Commission could interpret the term "retirement" in N.J.S.A. 11A:6-16 to include retirements approved posthumously pursuant to N.J.S.A. 43:15A-50. Horowitz also argued that payment of SCOR to Levin's Estate would be consistent with N.J.S.A.

A-3893-18T4

11A:6-19, which states that payment of SCOR shall be made to the employee's estate if the employee dies before the effective date of retirement.

On April 1, 2019, the Commission issued its final decision on the appeal. The Commission found that Levin's Estate was not entitled to SCOR payments under N.J.S.A. 11A:6-16 because his "separation from employment was not due to his retirement . . . ." The Commission determined that the statutory restriction on the payment of SCOR "may not be relaxed."

The Commission also decided that while the Legislature enacted legislation in 1995, which provided that the retirement of a member of a State pension could be approved posthumously under certain circumstances, the Legislature did not amend the statutes governing SCOR after the enactment of that legislation. The Commission found a posthumous retirement approved pursuant to such legislation did not require payment of SCOR.

The Commission further noted that N.J.S.A. 11A:6-19 states that "payment [of SCOR] shall be made to the employee's estate" if the employee dies after the effective date of retirement but before payment is made. The Commission found, however, that the statute did not apply in this matter. The Commission observed that "none of the associated statutory or regulatory

provisions provide for payment [of SCOR] when an employee dies prior to a retirement effective date."

In addition, the Commission noted that appellant claimed certain individuals or agencies had assured her that SCOR would be paid to her if Levin filed his application for retirement before his death. The Commission found, however, that appellant did not have any "vested or other rights" as a result of any such "administrative error." This appeal followed.

## II.

Appellant first argues that the Commission's interpretation of N.J.S.A. 11A:6-16 is inconsistent with the language of the statute. We disagree.

We note initially that courts have a limited role when reviewing an administrative agency decision. Gerba v. Bd. of Trs., 83 N.J. 174, 189 (1980). To warrant reversal of an agency's determination, the court "must find the agency's decision to be 'arbitrary, capricious, or unreasonable, or [] not supported by substantial credible evidence in the record as a whole.'" In re Stallworth, 208 N.J. 182, 194 (2011) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)). When reviewing an agency's decision, we consider:

> (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law; (2) whether the record contains substantial evidence to support the findings on which

the agency based its action; and (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.

[In re Carter, 191 N.J. 474, 482 (2007) (quoting Mazza v. Bd. of Trustees, 143 N.J. 22, 25 (1995)).]

Here, appellant contends the Commission erred by finding Levin's Estate was not entitled to payment of SCOR under N.J.S.A. 11A:6-16. The statute provides in pertinent part that

[s]tate employees . . . who have been granted sick leave . . . shall be entitled upon retirement from a State-administered retirement system to receive a lump sum payment as supplemental compensation for each full day of accumulated sick leave which is credited on the effective date of retirement.

[Ibid.]

Furthermore, N.J.S.A. 11A:6-19 states that in the event a State employee dies after the effective date of retirement but before payment of SCOR, the payment shall be made to the employee's estate. Moreover, N.J.S.A. 11A:6-23 authorizes the Commission to adopt rules for the implementation of SCOR, including the application and eligibility procedures. Pursuant to that authority, the Commission adopted N.J.A.C. 4A:6-3.1, which states in pertinent part that "[e]mployees who elect deferred retirement, or whose separation from employment is not based on retirement, shall not be eligible for SCOR."

Our paramount goal in interpreting a statute is to ascertain the Legislature's intent and "generally, the best indicator of that intent is the statutory language." DiProspero v. Penn, 183 N.J. 477, 492 (2005) (citing Frugis v. Bracigliano, 177 N.J. 250, 280 (2003)). We must give the words of a statute "their ordinary meaning and significance." Ibid. (citing Lane v. Holderman, 23 N.J. 304, 313 (1957)).

As noted, the plain language of N.J.S.A. 11A:6-16 limits payment of SCOR to State employees "upon retirement." Moreover, the Commission's regulation expressly provides that a State employee is not entitled to SCOR if the employee elects deferred retirement or the employee's separation from employment is not based on retirement. N.J.A.C. 4A:6-3.1(a)(4).

The Commission determined that an employee's eligibility for SCOR is "expressly conditioned" by statute on the employee's "direct retirement from a State-administered retirement system." The Commission found that where, as here, the employee's separation is due to the employee's death, the employee's estate is not entitled to SCOR.

We must give great weight to an administrative agency's interpretation of a statute it is charged with enforcing unless the agency's interpretation is plainly unreasonable, contrary to the language of the statute, or inconsistent with the

Legislature's intent. See New Jersey Association of School Administrators v. Schundler, 211 N.J. 535, 549-52 (2012) (citing In re Freshwater Wetlands Prot. Act Rules, 180 N.J. 478, 489 (2004)). We are convinced the Commission's interpretation of N.J.S.A. 11A:6-16 is reasonable, consistent with the plain language of the statute, and in accord with the Legislature's intent.

In support of her contention that the Commission erred in its interpretation of the statute, appellant cites Schundler. In that case, school administrators and others challenged several regulations adopted by the Commissioner of Education (Commissioner) to implement certain statutes enacted to reduce local property taxes. Schundler, 211 N.J. at 539-43 (citing L. 2007, c. 53, 63, 92, and 260).

One of the statutes capped payments for accumulated unused sick leave to certain school board officials at $15,000. Id. at 542 (citing N.J.S.A. 18A:30-3.5). The Commissioner adopted a regulation, which provided in part that "[s]upplemental payment for accumulated sick leave shall be payable only at the time of retirement and shall not be paid to the individual's estate or beneficiaries in the event of the individual's death prior to retirement." Id. at 543 (quoting N.J.A.C. 6A:23A-3.1(e)(6)).

A-3893-18T4

In addressing the challenge to this regulation, the Court stated that the legislative history of N.J.S.A. 18A:30-3.5 indicated that the statute was intended to "bring supplemental compensation for accumulated unused sick leave in line with the current law and practice for State employees." Id. at 553. The Court noted that N.J.S.A. 11A:6-16 provided for payment of SCOR to certain State employees "upon retirement." Ibid. The Court also noted that N.J.S.A. 11A:6-19 allows payment of SCOR to an employee's estate if the employee dies after the effective date of retirement, but before payment is made. Ibid.

The Court rejected the contention that the regulation improperly bars payment to an employee's estate or beneficiary if the employee dies before retirement. Id. at 551. The Court held the regulation was consistent with the Legislative policy set forth in the enabling act, which is "that payment for unused sick leave can be made only in connection with retirement." Ibid.

The Court observed that "[i]f payments could be made to an estate whenever an employee died, the latter law[, allowing for payments made to the employee's estate if an employee dies after the effective date of retirement but before payment is made,] would be meaningless." Id. at 553. The Court did not address the question of "whether payments can be made to other state employees

for unused sick leave under N.J.S.A. 11A:6-16 if an employee dies before retirement . . . ." Id. at 554.

Here, appellant argues that N.J.S.A. 11A:6-16 should be interpreted in a manner similar to the statute at issue in Schundler. She contends that retirement is the focus and the sole requirement that triggers the SCOR payment under N.J.S.A. 11A:6-16, not death nor any other type of separation from employment. However, as we have noted, in Schundler, the Court did not address the issue of whether N.J.S.A. 11A:6-16 requires SCOR payments when the employee dies before retirement.

Nevertheless, like the statute at issue in Schundler, N.J.S.A. 11A:6-16 expressly provides for payment of SCOR upon the employee's "retirement." Here, the Commission found that SCOR should only be paid when a member's separation from employment is due to retirement. Nothing in Schundler requires a different interpretation of the statute. Therefore, appellant's reliance upon Schundler is misplaced.

### III.

Appellant also argues that the Commission adopted an unduly restrictive interpretation of the term "retirement" as used in N.J.S.A. 11A:6-16. She notes that after Levin's death, the PERS declared his retirement to be "effective"

pursuant to N.J.S.A. 43:15A-50. Appellant contends a "retirement" that is approved pursuant to N.J.S.A. 43:15A-50 should be considered a "retirement" for purposes of payment of SCOR pursuant to N.J.S.A. 11A:6-16. Again, we disagree.

When courts review "two separate but related statutes, the goal is to harmonize the statutes in light of their purposes." Am. Fire & Cas. Co. v. N.J. Div. of Tax., 189 N.J. 65, 79-80 (2006) (citing St. Peter's Univ. Hosp. v. Lacy, 185 N.J. 1, 14 (2005)). If two statutory provisions relate "to the same subject matter," courts must "reconcile them, so as to give effect to both expressions of the lawmakers' will." Id. at 81 (quoting St. Peter's Univ. Hosp., 185 N.J. at 14). "In determining whether legislative enactments 'actually concern the same object,' a court should consider 'whether both statutes were included in one enactment, whether the proofs required overlap, and whether they are 'designed to serve the same purpose and objective.'" DiNapoli v. Bd. of Educ. Of Twp. of Verona, 434 N.J. Super. 233, 241-42 (App. Div. 2014) (quoting Marino v. Marino, 200 N.J. 315, 330 (2009) (internal quotations omitted).

N.J.S.A. 43:15A-50 governs public employee retirement systems and was amended in 1995. L. 1995, c. 221. N.J.S.A. 43:15A-50 provides that upon

11

retirement, a member of a public employee retirement system is entitled to select certain payment options. The statute further provides in part that

> [e]xcept in the case of members who have elected to receive (1) a deferred retirement allowance pursuant to [N.J.S.A. 43:15A-38], or (2) early retirement allowances pursuant to [N.J.S.A. 43:15A-41(b)] after separation from service pursuant to [N.J.S.A. 43:15A-38], if a member dies within [thirty] days after the date of retirement or the date of board approval, whichever is later, the member's retirement allowance shall not become effective and the member shall be considered an active member at the time of death. However, if the member dies after the date the application for retirement was filed with the system, the retirement will become effective if:
>
> . . . .
>
> c. The deceased member had designated a beneficiary under an optional settlement provided by this section; and
>
> d. The surviving beneficiary requests in writing that the board make such a selection. Upon formal action by the board approving that request, the request shall be irrevocable.
>
> . . . .

Here, appellant contends the purpose of N.J.S.A. 11A:6-19 "is to provide a method for the heirs of deceased retirees to receive SCOR benefits." She argues the purpose of the SCOR statute should be "harmonized" with the change to the retirement law enacted in 1995 to permit SCOR payments to be made to

12

the estate of a State employee upon the effective date of retirement regardless of when the employee dies. We are unpersuaded by appellant's argument.

The SCOR program is administered by the Commission. N.J.S.A. 11A:6-23. In its brief, the Commission notes that the legislative history of statutes which provide for the payment of accumulated sick leave indicate that such payments have many purposes. One purpose is to discourage public employees who have accumulated numerous sick days from taking an extended leave just before their retirements. See Sponsor's Statement to A. 1014 (L. 1973, c. 130).

On the other hand, the statutes governing retirements are administered by the boards of trustees of the respective retirement systems. N.J.S.A. 43:15A-17. Prior to the enactment of L. 1995, c. 221, N.J.S.A. 43:15A-50 stated that if an employee dies within thirty days after the date of retirement or the date of board approval, whichever was later, the employee would not be deemed retired at the time of death. New Jersey Educ. Ass'n v. Bd. of Trs., Pub. Emps.' Ret. Sys., 327 N.J. Super. 405, 412 (App. Div. 2000) (citing Senate Budget and Appropriations Comm. Statement to A. 1248 (May 15, 1995)). However, a public employee's retirement may be deemed "effective" if the member dies after the date the application for retirement was received by the system, and certain conditions are satisfied. Ibid.

In this case, the Commission found that posthumous approval of a public employee's retirement pursuant to N.J.S.A. 43:15A-50 has nothing to do with the SCOR program, and the approval of such a retirement does not authorize the payment of SCOR. We agree. Indeed, the purpose of a posthumous retirement under N.J.S.A. 43:15A-50 is different from the purpose of compensating a public employee for accumulated and unused sick leave.

Moreover, as the Commission noted in its decision, the 1995 legislation, which amended N.J.S.A. 43:15A-50, did not address payments of SCOR. The statutes governing SCOR were enacted earlier. L. 1986, c. 112. Therefore, we reject appellant's contention that the statutes governing posthumous retirements and SCOR should be "harmonized." They are separate statutory schemes, which are administered by different agencies and have different purposes.

Accordingly, we conclude that a posthumous retirement approved pursuant to N.J.S.A. 43:15A-50 does not require payment of SCOR pursuant to N.J.S.A. 11A:6-16.

IV.

Appellant further argues that the Commission's regulation governing payment of SCOR is invalid because it provides that "an employee . . . whose separation from employment is not based on retirement, is not eligible for

SCOR."  Appellant contends the regulation is ultra vires because it includes a requirement that is not included in the enabling statute.  She also contends the phrase is not defined in the SCOR regulations.

Regulations adopted by an administrative agency are presumed to be "valid and reasonable."  Schundler, 211 N.J. at 548 (quoting N.J. Soc'y for the Prevention of Cruelty to Animals v. N.J. Dept. of Agric., 196 N.J. 366, 385 (2008) (NJSPCA).  The party challenging the regulation must show that the agency's action was "arbitrary, capricious or unreasonable."  Ibid. (quoting Henry, 81 N.J. at 579-80).

"An administrative regulation 'must be within the fair contemplation of the delegation of the enabling statute.'"  N.J. Guild of Hearing Aid Dispensers v. Long, 75 N.J. 554, 561 (1978) (quoting S. Jersey Airways v. Na'l. Bk. of Secaucus, 108 N.J. Super. 369, 383 (App. Div. 1970)).  A regulation may be invalidated if it is "inconsistent with the statute it purports to interpret." NJSPCA, 196 N.J. at 38 (quoting Smith v. Dir., Div. of Tax'n, 108 N.J. 19, 26 (1987)).

We are convinced that the Commission's regulation is within the "fair contemplation" of the enabling act and it is consistent with the statutes governing payment of SCOR.  As noted, the statute provides that SCOR shall

only be paid "upon retirement." N.J.S.A. 11A:6-16. The regulation reasonably interprets the statute to mean that SCOR should only be paid when the employee's separation is due to retirement. We therefore find no merit to appellant's challenge to the validity of the regulation.

We have considered appellant's other contentions and conclude they lack sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

16

A-3893-18T4